■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS HARBIN, Appellant.—Appeal by defendant from two judgments of the County Court, Suffolk County, both rendered March 30, 1979, convicting him of robbery in the first degree and second degree, upon his pleas of guilty, and sentencing him to prison terms of from 8 to 16 years on the first degree robbery count and 6 to 12 years on the second degree robbery count, with both sentences to run concurrently with each other and with a sentence imposed in Alabama. Judgments modified, as a matter of discretion in the interest of justice, by reducing the sentence entered on the conviction of robbery in the first degree to a maximum of 14 years and 9 months and a minimum of 7 years and 4½ months, and by reducing the sentence entered on the conviction of robbery in the second degree to a maximum of 10 years and 9 months and a minimum of 5 years and 4½ months. As so modified, judgments affirmed and the defendant is to be delivered to the appropriate Alabama official forthwith so that he may begin serving his sentence in that State. At the time defendant entered his pleas, and again at the time of sentencing, the court directed that the sentences imposed were to run concurrently with the remainder of the undischarged term for which defendant was still responsible in Alabama. However, as the District Attorney concedes, the New York sentence cannot begin to run until defendant is delivered to the appropriate Alabama authorities (see Penal Law, § 70.30, subd 2, par [a]; § 70.20, subd 3). Accordingly, we have directed that defendant be returned to the custody of Alabama forthwith, so that the sentences imposed may be effectuated (see *People v Brown,* 63 AD2d 988). As defendant's New York sentences have not yet begun to run, we reduce those sentences by a period of time equal to the period which defendant has spent in prison in New York since his sentences were imposed. We do not find those sentences otherwise excessive. Margett, J. P., Martuscello, O'Connor and Weinstein, JJ., concur.