■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KARNEY, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Savarese, J.), dated September 9, 1988, which denied his motion to set aside a sentence of the same court (Agresta, J.), imposed July 14, 1981, upon his conviction of manslaughter in the first degree, upon his plea of guilty, the sentence being an indeterminate term of from 7½ to 15 years' imprisonment, to run concurrent with time that he may serve for violation of parole in the State of New Jersey.

Ordered that the order is reversed, on the law, and the defendant's motion is granted to the extent that the sentence is reduced to an indeterminate term of from 4½ to 9 years' imprisonment. The defendant is to be delivered to the appropriate New Jersey official forthwith so that he may begin serving his sentence in that State.

Pursuant to the plea bargain negotiations, the defendant's sentence was to run concurrent with the remainder of an undischarged term for which the defendant was still responsi-

ble in New Jersey. Since the defendant was not returned to custody in New Jersey, his New York sentence did not begin to run *(see,* Penal Law § 70.30 [2-a]; § 70.20 [3]).

Accordingly, we have directed that the defendant be returned to the custody of New Jersey forthwith, so that the sentence imposed may be effectuated *(see, People v Harbin,* 76 AD2d 889; *People v Brown,* 63 AD2d 988). Since the defendant has already been incarcerated in New York for a period of time greater than the applicable minimum permissible sentence *(see,* Penal Law § 70.06 [4] [b]; [3] [b]), we reduce the sentence to the minimum permissible sentence of 4½ to 9 years' imprisonment. We do not find the sentence otherwise excessive. Thompson, J. P., Brown, Kunzeman and Harwood, JJ., concur.